IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.
                                              Cr. No. 21-20187-MSN

JASON TURNER,

        Defendant.

**DEFENDANT'S MOTION TO SUPPRESS**
**AND INCORPORATED MEMORANDUM OF LAW**

        COMES NOW, Jason Turner ("Mr. Turner"), by and through his counsel of record, Tyrone J. Paylor, Assistant Federal Defender, pursuant to Federal Rule of Criminal Procedure 12(b)(3), and for his Motion to Suppress, states as follows:

### **FACTUAL BACKGROUND**

        On February 24, 2020 at approximately 4:25 p.m., Memphis Police Department Detective J. Bond #12096 ("Bond") and other officers watched Mr. Turner and Katelyn Privett ("Privett"), a female companion, walking on S. Third Street in Memphis, Tennessee. Mr. Turner and Privett were walking from a restaurant. Bond watched the couple walk to the restaurant and observed them walking from the restaurant without making any other stops. Bond, Detective B. Scott ("Scott") and Detective D. Burnett ("Burnett") and others decided to stop the couple. Upon approaching the couple, Scott immediately conducted a pat-down of Mr. Turner, retrieved a firearm and advised Mr. Turner why the officers had stopped him.

## ARGUMENT

The Fourth Amendment of the United States Constitution protects people from unreasonable searches and seizures: "The right of people to be secure in their persons, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation." The Sixth Circuit has recognized "three types of permissible encounters between the police and citizens" under the Fourth Amendment: "(1) the consensual encounter, which may be initiated without any objective level of suspicion; (2) the investigative detention, which, if non-consensual, must be supported by a reasonable, articulable suspicion of criminal activity; and (3) the arrest, valid only if supported by probable cause." *United States v. Smith*, 594 F.3d 530, 535 (6th Cir. 2010) (internal quotations and citations omitted).

Furthermore, the Sixth Circuit asserts in *United States v. Gross*, 662 F.3d 393, 399 (6th Cir. 2011) that:

> [t]o justify a brief, investigative stop under *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), an officer must point to specific, articulable facts that gave rise to a "reasonable suspicion" that the suspect was engaged in criminal activity. *Id.* at 21, 88 S.Ct. 1868. "A reasonable suspicion exists when, based on the totality of the circumstances, a police officer has 'a particularized and objective basis for suspecting the particular person stopped of criminal activity.' " *United States v. Baldwin,* 114 Fed.Appx. 675, 679 (6th Cir.2004) (quoting *United States v. Cortez,* 449 U.S. 411, 417–18, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981)). The officer "must be able to articulate something more than an inchoate and unparticularized suspicion or hunch." *United States v. Sokolow,* 490 U.S. 1, 7, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989) (citations and internal quotation marks omitted).

When evidence is obtained as a result of an unconstitutional search or seizure, it is inadmissible in federal court. *United States v. Pearce*, 531 F.3d 374, 381 (6th Cir. 2008) (citing *Mapp v. Ohio*, 367 U.S. 643, 654 (1961)). This is the exclusionary rule and it "is supplemented

by the 'fruit of the poisonous tree' doctrine, which bars the admissibility of evidence which police derivatively obtain from an unconstitutional search or seizure." *Id.* (citations omitted). The overarching purpose of the exclusionary rule is to deter unlawful government behavior and compel respect for "the constitutional guaranty in the only effectively available way –by removing the incentive to disregard it. *Gross,* 662 F.3d at 401, (citing *Elkins v. United States* 364 U.S. 206, 217 (1960)). Thus, "the indirect fruits of an illegal search or arrest should be suppressed when they bear sufficiently close relationship to the underlying illegality". *Gross*, 662 F.3d at 401 (citing *New York v. Harris*, 495 U.S. 14, 19 (1990).

Mr. Turner avers that there was no reasonable articulable suspicion to support the officers initial contact with him or attempt to conduct a *Terry* stop in this case, which ultimately resulted in his arrest. For these reasons, Mr. Turner respectfully requests this Court to suppress all of the evidence found as a result of the illegal seizure and search as well as all statements made thereafter.

**(A)** **MPD Detective Bond, Scott and Burnett lacked reasonable suspicion to seize Mr. Turner.**

The Supreme Court has held that the Fourth Amendment protects people, and an individual is entitled to be free from unreasonable governmental intrusion. *Terry,* 392 U.S. at 9. Mr. Turner suspects that the Government will argue that Scott stopped Mr. Turner to have a conversation about an unverified drug complaint and seized him after he placed his hand in his pocket. However, "[r]easonable suspicion does not materialize merely because a person 'looked suspicious'" *United States v. Keith*, 559 F.3d 499, 503 (6th Cir. 2009) (quoting *Brown v. Texas*, 443 U.S. 47, (1979)). "An individual's presence in an area of expected criminal activity, standing alone, is not enough to support a reasonable, particularized suspicion that the person is committing a crime." *Illinois v. Wardlow,* 528 U.S. 119, 124 (2000).

Like the defendant in *Brown v. Texas*, 443 U.S. 47 (1979), when Mr. Turner was detained by multiple officers and immediately pat down by Scott, "[h]e performed a seizure of his person subject to the requirements of the Fourth Amendment" *Id.* at 50. Furthermore, in *Brown*, the Court went on to state that "absent any basis for suspecting the appellant of misconduct, the balance between the public interest and appellant's right to personal security and privacy tilts in favor of freedom from police interference…But even assuming that purpose is served to some degree by stopping and demanding identification from an individual without any specific basis for believing he is involved in criminal activity, the guarantees of the Fourth Amendment do not allow it." *Id.* at 52. The case at bar is analogous to *Brown*. Scott and others seized Mr. Turner for an unknown purpose regarding his identity and/or a drug complaint absent any reasonable suspicion that he was engaged in any misconduct at the time he was seized.

When detaining individuals, "officers only could factor in [the defendant's] actions and the circumstances supporting him alone in order to constitute reasonable suspicion." *United States v. Patterson*, 340 F.3d 368, 372 (6th Cir. 2003). In the case at bar, Mr. Turner and his companion were simply walking on a sidewalk returning from a restaurant at the time Scott seized him and conducted a pat-down of his person.  None of the officers observed any actions on the part of Mr. Turner to believe that any criminal activity was afoot.

> B. **The search of Mr. Turner's person was unconstitutional.**

Moreover, "[t]he Supreme Court has made clear . . . that a warrantless search must be based on individualized suspicion." *Id.*  (citing *Chandler v. Miller*, 520 U.S. 305, 313 (1997)). Mr. Collins was not engaged in any criminal activity at the time that Bond, Scott or Burnett approached him. Scott approached him and immediately began searching him.  This action on the part of the detectives and Detective Scott is illegal and must be suppressed.  As should the subsequent

statements made to law enforcement and the search of his room that ensued.

## CONCLUSION

There was no basis for the detectives to stop Mr. Turner nor search his person. The detectives did not witness Mr. Turner engaging in any criminal conduct; therefore, they lacked the requisite reasonable suspicion to seize Mr. Turner. The illegal seizure and search of Mr. Turner infringed upon his Fourth Amendment protections and guarantees and requires that all evidence found as a result thereof be suppressed.

WHEREFORE, for all of the foregoing reasons, Mr. Turner respectfully requests this Court to suppress all of the evidence found as a result of the illegal search and all statements made thereafter.

Respectfully submitted,

DORIS RANDLE HOLT
FEDERAL PUBLIC DEFENDER

s/ Tyrone J. Paylor
Assistant Federal Defender
200 Jefferson Avenue, Suite 200
Memphis, TN 38103
(90) 544-3895

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing document was forwarded by electronic means via the Court's electronic filing system to the AUSA assigned this matter, this 21st day of January 2022.

s/ Tyrone J. Paylor
Assistant Federal Defender